UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN GREEN | CIVIL ACTION |
| VERSUS | NO: 06-4013 |
| GLOBALSANTAFE DRILLING COMPANY ET AL. | SECTION: "J" (1) |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Withdraw Reference Request for Jury.  (Rec. Doc. 37).  For the reasons below, Plaintiff's motion is **GRANTED**.  Plaintiff's request for a jury trial will be withdrawn.  The case will proceed with trial **without a jury on October 9, 2007 at 8:30 a.m.**

**BACKGROUND**

Plaintiff Kevin Green originally demanded a jury trial in this Jones Act case, and is now moving to withdraw his jury request.  Defendants oppose such motion.

Plaintiff alleges that he was injured while working aboard the GLOMAR EXPLORER a drill ship operating in the Gulf of Mexico.  Plaintiff filed suit on July 31, 2006 in Federal Court invoking the admiralty jurisdiction of this Court under the Jones Act.  On

October 12, 2006, Plaintiff requested a Jury Trial, which order was granted by Judge Africk.  Subsequently, this case was transferred to this section.

## DISCUSSION

In general, Rule 38 of the *Federal Rules of Civil Procedure* governs the procedure for requesting a jury trial in civil cases. Rule 38(d) provides that "a demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."  The rule continues in (e) that "these rules shall not be construed to create  right to trial by jury of the issues in an admiralty or maritime claim within in the meaning of Rule 9(h)."

The Defendant opposes the motion to withdraw the jury trial demand, and under Rule 38(d) avers that the Court must deny the motion.  The Plaintiff avers that Rule 38(d) does not apply to maritime claims.  Furthermore, the Defendant argues that since diversity jurisdiction would exist in this case, the jury trial right exists for the defendant once it is demanded by the plaintiff regardless of the fact that the plaintiff did not plead jurisdiction based on diversity.

The Fifth Circuit has held that in a nondiversity Jones Act claim, the seaman, on proper request, is entitled to a jury trial only by virtue of the Jones Act's statutory grant and not the

2

Seventh Amendment.  *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1213 (5th Cir. 1986).  "When there is diversity jurisdiction in Jones Act cases, both parties have an independent basis for a jury trial if the plaintiff has chosen to pursue his Jones Act claim through the 'savings to suitors clause' in a civil action.  *Id.*

The *Rachal* Court held that Rules 38 and 39 do not absolutely preclude a Jones Act plaintiff from withdrawing a jury demand earlier made.  Rather the rules serve to <u>preserve</u> the defendant's rights when it comes to the jury trial.  In other words, the rules do not create new rights for the defendant, they simply protect the rights to a jury trial that the defendant was granted elsewhere.

Thus the *Rachal* Court held that when a plaintiff pleads in admiralty under Rule 9(h), any right to a jury trial would come from the Jones Act and not from the Seventh Amendment or from the *Federal Rules of Civil Procedure*.  In so holding, the Fifth Circuit distinguished an earlier, yet similar case, *Johnson v. Penrod Drilling Co.*, 469 F.2d 897, 902 (5th Cir. 1972).  In that case, the Fifth Circuit held that when the plaintiffs asserted federal jurisdiction based on both the Jones Act **and** Diversity, plaintiffs could not amend their complaint to state only admiralty jurisdiction, and thus withdraw their request for a jury trial.  In *Johnson*, the court held that by pleading

diversity of citizenship as the basis for federal jurisdiction, the defendant had an independent basis for a jury trial (the Seventh Amendment) and therefore, Rules 38 and 39 served to protect that independent right.  *Id*.  The key in distinguishing *Johnson* for the *Rachal* Court was that in *Johnson*, the plaintiffs alleged diversity jurisdiction as well as Jones Act jurisdiction.  *Rachal*, 795 F.2d at 1216.

In this Case, the plaintiff asserted federal jurisdiction based only on the Jones Act.  (Rec. Doc. 1, para. 1) ("The Jurisdiction of this Court is invoked as petitioner was at all times pertinent, a seaman entitled to the benefits of admiralty, general maritime laws, Section 33 of the Merchant Marine Act of 1920, 46 U.S.C.A. Section 688 - **Jones Act,** Judiciary Act of 1789 . . . and under other applicable statutory laws, ordinances, regulations, and common laws of the United States of America and State of Louisiana.").  Defendant claims however, that because diversity jurisdiction existed from the beginning in this case, the mere fact that the plaintiff did not assert diversity jurisdiction should not prejudice the defendant from preserving a jury trial right to which he would otherwise be entitled.

In *Rachal*, the Fifth Circuit noted that there was complete diversity, yet that did not save the jury trial right for the defendant.  The court held that since the appearance of diversity

appeared after the district court was sitting in admiralty, the there was no right to a trial irrespective of diversity.  *Rachal*, 795 F.2d at 1217.  In this case, diversity has always existed.  Defendants claim that since diversity always existed, then the defendant would have a jury trial right that must be protected by Rules 38 and 39 and the Seventh Amendment.

In *Becker v. Tidewater, Inc.*, 405 F.3d 257, 259-60 (5th Cir. 2005) the Fifth Circuit was faced with a similar situation.  In that case, the Defendants claimed that they were entitled to a jury trial because diversity existed in fact, despite plaintiff's having never pleaded diversity as a basis for federal jurisdiction.  *Id.*  The Fifth Circuit held as follows:

> Despite [Defendant's] rhetoric that because factual diversity exists the right to a jury trial vests in [Defendant], it is well settled that the plaintiff is master of his complaint, and Becker has the exclusive power to invoke diversity jurisdiction. *See, e.g., Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).  By failing to do so, the possible factual existence of diversity between parties does not give rise to the legal existence of diversity jurisdiction. Thus, [Defendant] has no

constitutionally or statutorily based right to a jury trial, and [Defendant] cannot use the Federal Rules to create such a right where one does not already exist. Fed.R.Civ.P. 38(e)("These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim.").

Similarly, despite GlobalSantaFe's rhetoric that diversity exists in fact, it does not legally exist, and therefore Defendant does not have the right to withhold a request to withdraw a jury demand under Rules 38 or 39.

## CONCLUSION

Accordingly**, IT IS ORDERED** that Plaintiff's Motion to Withdraw Reference Request for Jury (Rec. Doc. 37) is **GRANTED**.

New Orleans, Louisiana this the 6th day of July, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE